**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ERNEST EDWARD SNIDER, JR.,

        Plaintiff,

vs.

                                            Case No. 8:14-cv-179-T-JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.
_____/

## **OPINION AND ORDER**[1]

### **I. Status**

Ernest Edward Snider, Jr. ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is due to "[l]iver problems[,] [h]epatitis b and c[,] tum[]ors in [the] neck[,] [m]ood disorder[,] anxiety[, and] depression." Transcript of Administrative Proceedings (Doc. Nos. 15, 16; collectively, "Tr." or "administrative transcript"), filed May 28, 2014, at 179 (capitalization and emphasis omitted).[2] On August 10, 2010, Plaintiff filed the application for SSI, alleging an onset disability date of April 1, 2009. Tr. at 153-59 (SSI). The application for DIB does not appear to have been included in the administrative transcript. Plaintiff's applications were denied initially, see Tr. at 44, 65-67 (DIB), 45, 68-70 (SSI), and were denied upon reconsideration, see Tr. at 46, 73-74 (DIB), 47, 75-76 (SSI).

---

[1]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 17), filed May 29, 2014; Reference Order (Doc. No. 19), entered May 30, 2014.

[2]     The administrative transcript was filed as two separate documents, but the pagination continues from one document to the other.

On April 4, 2012, an Administrative Law Judge ("ALJ") held a hearing during which the ALJ heard testimony from Plaintiff, who was represented by a non-attorney representative, and a vocational expert ("VE"). Tr. at 26-43. On April 20, 2012, the ALJ issued a Decision finding Plaintiff not disabled and denying Plaintiff's claims. Tr. at 51-60. Plaintiff then requested review by the Appeals Council, Tr. at 24, and submitted evidence to the Council in the form of a brief authored by his attorney representative, to which data compilations from the U.S. Bureau of Labor Statistics were attached, and hospital records dated May 19, 2012 to May 31, 2012. Tr. at 5-6; see Tr. at 254-56 (brief); Tr. at 257 (data compilations); Tr. at 591-601 (hospital records). On September 18, 2013, the Appeals Council denied Plaintiff's request for review, Tr. at 5-8, thereby making the ALJ's Decision the final decision of the Commissioner. On January 24, 2014, Plaintiff commenced this action under 42 U.S.C. § 405(g) and § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises a single issue on appeal: whether the Appeals Council erred by failing to remand the case after receipt of new and material evidence. See Memorandum in Opposition to the Commissioner's Decision (Doc. No. 26; "Pl.'s Mem."), filed October 27, 2014 at 2, 5-7. On January 5, 2015, Defendant responded by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 29; "Def.'s Mem."). After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for further administrative proceedings for the reasons stated herein.

## II. The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 53-60. At step one, the ALJ observed that "[Plaintiff] has not engaged in substantial gainful activity since April 1, 2009, the alleged onset date." Tr. at 53 (emphasis and citations omitted). At step two, the ALJ found Plaintiff "has the following severe impairments in combination: [h]epatitis C, alcohol and amphetamine abuse in early remission, hypertension, anxiety and depression." Tr. at 53 (emphasis and citations omitted). At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." Tr. at 54 (emphasis and citations omitted).

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

-3-

> The ALJ determined Plaintiff has the following residual functional capacity ("RFC"):
>
> [Plaintiff can] perform medium work as defined in 20 C.F.R. [§§] 404.1567(c) and 416.967(c) except [Plaintiff] would be limited to simple routine and repetitive tasks.

Tr. at 55 (emphasis omitted). At step four, the ALJ found that "[Plaintiff] is unable to perform any past relevant work." Tr. at 58 (emphasis and citations omitted). After considering Plaintiff's age (fifty-six years old on the alleged onset date), education ("at least a high school education"), work experience, and RFC, the ALJ found at step five that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." Tr. at 59 (emphasis and citation omitted). These jobs include "lumbar [sic] sorter," "hand packager," and "laundry laborer." Tr. at 59. The ALJ therefore concluded that "[Plaintiff] has not been under a disability . . . from April 1, 2009, through the date of this decision." Tr. at 60 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire

record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As previously summarized, Plaintiff contends the Appeals Council erred in denying review. The crux of Plaintiff's argument is that the ALJ made no mention, and had no evidence, of Plaintiff's chronic obstructive pulmonary disease ("COPD"). New evidence submitted to the Appeals Council confirmed Plaintiff had COPD at the time of the ALJ's decision, but the Appeals Council nevertheless denied review. The undersigned first sets out the relevant facts and history, then addresses Plaintiff's argument.

The additional evidence that was submitted to the Appeals Council included Winter Haven Hospital records ("hospital records") from May 19, 2012 to May 31, 2012, shortly after the ALJ's April 20, 2012 Decision was issued. Tr. at 591-601. A summary of the hospital records follows.

The hospital records note that Plaintiff was a "59-year-old male with a . . . history of [COPD]." Tr. at 600. Plaintiff came to the hospital complaining of "increasing shortness of breath[, a] cough [producing] yellow phlegm[,]. . . . [and] [c]hest tightness." Tr. at 600. Upon admission to the hospital, Plaintiff was "noted to have signs of bilateral pneumonia,

underlying [COPD]." Tr. at 591. An evaluation of Plaintiff's lungs revealed "decreased air entry [and] wheezing," Tr. at 593, and "[b]ilateral coarse rhonchi." Tr. at 598.

Plaintiff "was found to be severely hypoxic [and] was admitted to the intensive care unit." Tr. at 597. He was put on "oxygen by face mask," Tr. at 598, and "as soon as [his] face mask [was taken] off, [Plaintiff became] blue in the face and . . . [took] a long time to recover per nursing." Tr. at 597. A "CT [scan] of [Plaintiff's] chest [showed] hazy lung infiltrates bilaterally." Tr. at 594. While Plaintiff stated that "he [did] not know if he [had] any [COPD]," the past medical history section of his hospital notes indicated that "[h]e may have undiagnosed COPD." Tr. at 597. One of Plaintiff's attending physicians, Nisha Paul, MD ("Dr. Paul"), noted his impression that Plaintiff had suffered "acute hypoxic respiratory failure [and was] not improving[; he] seem[ed] to be severely oxygen and face mask dependent . . . ." Tr. at 598. Dr. Paul believed Plaintiff had "diffuse bilateral pneumonia [that] may not be a simple community-acquired pneumonia, [but] may rather be [an] infection with bad bacteria that usually colonize [the] lungs with emphysema." Tr. at 598. Furthermore, Dr. Paul noted Plaintiff's "[h]istory of long[-]standing ongoing cigarette smoking with emphysema with [COPD] exacerbation." Tr. at 598. According to Plaintiff's discharge summary, his final diagnoses included, inter alia, "[b]ilateral pneumonia[,] [h]ypoxemia[, and] COPD." Tr. at 592.

The Appeals Council accepted this (and other) evidence and then declined review, stating as follows:

> In looking at your case, we considered the reasons you disagree with the decision, as stated in your Representative's Brief, dated July 6, 2012, which is listed as Exhibit 12E on the enclosed Order of Appeals Council.
>
> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

> We also looked at the additional records from Winter Haven Hospital, dated 5/19/2012 to 5/31/2012. The Administrative Law Judge decided your case through April 20, 2012. This new information is about a later time. Therefore it does not affect the decision about whether you were disabled beginning on or before April 20, 2012.

Tr. at 5-6.

When the Appeals Council is presented with evidence that was not presented to the ALJ, the Appeals Council is required to consider the evidence if it is "new, material, and chronologically relevant[.]" Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. § 404.970(b)). Specifically, it must relate to the period on or before the ALJ's decision. See 20 C.F.R. §§ 404.970(b), 416.1470(b). Further, the Appeals Council "must review the case if 'the [ALJ]'s action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" Ingram at 1261 (quoting 20 C.F.R. § 404.970(b)). In the event the Appeals Council considers new evidence but denies review, and a claimant then challenges the Appeals Council's denial, a reviewing court must determine whether the new evidence renders the denial of benefits erroneous. See Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 784-85 (11th Cir. 2014) (citing Ingram, 496 F.3d at 1262); see also Levie v. Comm'r of Soc. Sec., 514 F. App'x 829, 832-33 (11th Cir. 2013) (citation omitted); Kalishek v. Comm'r of Soc. Sec., 470 F. App'x 868, 869 (11th Cir. 2012) (citation omitted); Coleman v. Comm'r of Soc. Sec., 454 F. App'x 751, 754 (11th Cir. 2011) (noting that "[t]he Appeals Council may deny review if the new evidence does not show the ALJ's decision to be erroneous") (citation omitted). In other words, to obtain a remand from a federal district court under sentence four of 42 U.S.C. § 405(g), "[a] claimant must show that, in light of the new evidence submitted to the Appeals Council, the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole."

Timmons v. Comm'r of Soc. Sec., 522 F. App'x 897, 902 (11th Cir. 2013) (citing Ingram, 496 F.3d at 1266-67); see also Mitchell, 771 F.3d at 785 (citations omitted) (finding that "[t]he additional evidence was either cumulative of evidence before the ALJ or was not chronologically relevant, and none of it undermined the substantial evidence supporting the ALJ's decision").

Upon review of the additional evidence submitted to the Appeals Council in light of the other evidence contained in the administrative transcript, the undersigned finds that the Appeals Council should have granted review and the ultimate denial of benefits is not supported by substantial evidence. Accordingly, as explained in detail below, remand is required for consideration of all of the evidence, including the evidence submitted to the Appeals Council.

The Appeals Council refused to grant review based upon the additional hospital records dated May 19, 2012 to May 31, 2012, reasoning that the records were "about a later time" than the time period that was under consideration by the ALJ.[4] Tr. at 6. This is not entirely accurate. As to the hospital records, on May 22, 2012, Dr. Nisha Paul, MD, one of plaintiff's attending physicians, wrote that Plaintiff had a "history of [COPD]" in his notes. Tr. at 600. On May 25, 2012, Dr. Paul noted his impressions that Plaintiff "may not [have] a simple community-acquired pneumonia, [but] rather [an] infection with bad bacteria that usually colonize lungs with emphysema" and that Plaintiff has "a history of long[-]standing

---

[4] The undersigned recognizes that the Appeals Council is not required to articulate its reasons for denying review. See Mitchell, 771 F.3d at 785. The Appeals Council here chose to do so, which is of great assistance to the Court. Because the Appeals Council articulated its reasons, and because the parties address those reasons in their filings, it is appropriate to address them here. To be sure, if the hospital records were not chronologically relevant, they would have little or no impact on the Court's consideration of whether the ultimate denial of benefits was erroneous.

ongoing cigarette smoking with emphysema with [COPD] exacerbation." Tr. at 598. Given the doctor's impressions that (1) Plaintiff had a "history" of COPD; (2) Plaintiff's COPD had become "exacerbated"; and (3) Plaintiff had contracted a serious form of pneumonia that was likely a complication of his previously undiagnosed COPD, his opinion clearly was not limited to the short twenty-nine day period between the ALJ's Decision (April 20, 2012) and his opinion (May 19, 2012 to May 31, 2012). Rather, his opinion was more comprehensive, taking into account the period leading up to the ALJ's Decision as well as the twenty-nine day period after the Decision.

In defending the Appeals Council's findings regarding the alleged lack of time relevancy of the hospital records, Defendant oversimplifies the notion of chronological relevance. Specifically, Defendant simply asserts that because the ALJ decided Plaintiff's case on April 20, 2012, and the new hospital records were from a later time, the new hospital records do not provide insight into whether Plaintiff was disabled in the period considered by the ALJ. Def.'s Mem. at 6. However, the treating physician authoring the new hospital records referred back to the period leading up to the ALJ's decision. Given that symptoms of conditions such as COPD often appear only after significant lung damage has occurred (as opposed to manifesting immediately) and usually worsen over time, the hospital records are chronologically relevant in that the COPD observed the month after the ALJ's decision very likely existed on or before the date of the ALJ's decision.

Defendant cites two cases in support of its argument that medical evidence postdating the ALJ's decision is not relevant to the initial denial of benefits. However, the cases cited by Defendant can be distinguished from the instant case because they involved medical evidence from a time period further removed from the ALJ's initial denial of benefits.

See Wilson v. Apfel, 179 F.3d 1276, 1279 (11th Cir. 1999) (holding that new evidence consisting of a doctor's opinion one year after the ALJ's decision was irrelevant and did not require reconsideration of the initial denial of benefits); Archer v. Comm'r of Soc. Sec., 176 F. App'x 80, 82 (11th Cir. 2006) (holding that when almost two years separated the ALJ's decision from the new evidence, the new evidence was relevant to a claimant's deterioration but not the initial denial of benefits).  This case can be more appropriately compared to Vega v. Comm'r of Soc. Sec., 265 F.3d 1214, 1220 (11th Cir. 2001) (finding remand appropriate when new, material evidence was discovered only a few months after the ALJ's decision, and good cause was shown why the new evidence was not discovered earlier) and Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987) (finding remand proper when new evidence offered an objective medical explanation for previously unexplained subjective complaints of pain and inability to work).

Defendant argues that the hospital records fail to shed light on the severity of Plaintiff's condition or resulting functional limitations on or before the date of the ALJ's decision, noting that "[w]hile the May 2012 hospital records indicate Plaintiff may have undiagnosed COPD, the same records reflect Plaintiff's report that he had no prior hospitalizations for shortness of breath."  Def.'s Mem. at 7 (citation omitted).  Although Plaintiff may have not been hospitalized for shortness of breath specifically, his medical records predating the ALJ's decision indicate that he had been hospitalized for "sharp left substernal chest pain" on April 16, 2011, after "helping his neighbor move heavy furniture." Tr. at 263, 298-311.  While chest pain and shortness of breath are not interchangeable, they are both symptoms commonly associated with respiratory conditions such as COPD.

Defendant also notes that "the evidence before the ALJ frequently indicated that Plaintiff's lungs were clear to auscultation bilaterally. . . . [and] Plaintiff [] exhibited normal breath sounds, no respiratory distress, and no labored breathing." Def.'s Mem. at 7 (internal citations omitted). In the April 4, 2012 hearing, however, when the ALJ asked Plaintiff what prevents him from doing yardwork, Plaintiff stated "[he] just do[es]n't have the energy for it . . . [he is] going now to some specialists for his lungs because [he] can't breathe very well. . . .[t]hey believe [he] ha[s] COPD." Tr. at 34-35. Defendant notes the absence of certain indicators of COPD but does not acknowledge that lack of energy is also symptomatic of the condition.

When the additional records from Winter Haven Hospital, dated May 19, 2012 to May 31, 2012, are considered along with the other evidence in the administrative transcript, the result is that the ALJ's findings are not supported by substantial evidence. For the foregoing reasons, reversal and remand is required for further consideration of Plaintiff's claims in light of the additional evidence submitted to the Appeals Council.

## V. Conclusion

After a thorough review of the entire record, it is

**ORDERED:**

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instruction:

> A) Reevaluate the evidence of record, including the evidence submitted to the Appeals Council; and

        B)      Take such other action as may be necessary to resolve these claims properly.

2.     The Clerk is further directed to close the file.

3.     In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida on March 24, 2015.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

efh
Copies to:
Counsel of record